IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRIAN K. MARKLEY,**

        **Petitioner,**

**v.**                                                         **Civil Action No. 5:08cv160**
                                                                  **(Judge Stamp)**

**DAVID BALLARD, Warden,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

### I. Petitioner's Second Federal Habeas Proceeding

On October 23, 2008, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Dckt. 1). On November 3, 2008, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not warranted at that time. (Dckt. 9). Thus, the respondent was directed to show cause why the petition should not be granted. *Id*.

On December 3, 2008, the respondent filed an Answer (Dckt. 11) and a Motion to Dismiss Petition as Successive and Untimely. (Dckt. 12). Because the petitioner is proceeding *pro se*, the Court issued a Roseboro Notice on December 4, 2008. (Dckt. 14). The petitioner filed an answer and an objection to the respondent's motion to dismiss on December 15, 2008. (Dckt. 16). On December 19, 2008, the respondent replied to the petitioner's Answer and Objection. (Dckt. 17). The petitioner then replied to the respondent's reply on January 2, 2009. (Dckt. 18).

### II. Factual and Procedural History

### A. Petitioner's Trials, Conviction

In the February 1988 term, a grand jury indicted the petitioner on one count of first degree sexual assault, one count of attempted murder and one count of malicious wounding. Petition for Writ of Habeas Corpus (Dckt. 1 at Ex. 3). On July 11,1990 after the Court empaneled a jury for petitioner, but before swearing in, the Court proceeded to a suppression hearing in chambers where it was determined that a conflict of interest existed. *Id.* The Court determined that manifest necessity existed and thus declared a mistrial. *Id.* Before mistrial had been declared, West Virginia State Police Serology Division Trooper T.A. Smith testified as to certain serological evidence from the crime scene. *Id.*

On July 11, 1991, a second mistrial was found due to the inability of the Court to empanel a jury. *Id.* Following a venue change to Grant County, the third trial commenced on September 16, 1991 and proceeded through jury deliberations, when the Court discovered that a jury member was a convicted felon. *Id.* The Court, finding manifest necessity, declared a mistrial. *Id.* On January 7, 1992, the fourth trial finally made it through to completion, and the jury returned guilty verdicts for one count of attempted murder, two counts of first degree sexual assault and one count of malicious assault. *Id.*

### B. Petitioners' Direct Appeal

On July 28, 1992, prisoner petitioned the West Virginia Supreme Court of Appeals to review his conviction. (Dckt 12 at Ex. 1). This petition was refused on October 27, 1993. *Id.*

### C. Petitioner's First State Habeas Petition

The petitioner filed his first Petition for Writ of Habeas Corpus Ad Subjiciendum with the Circuit Court of Berkeley County on April 23, 1997, alleging twenty-seven (27) grounds for relief. (Dckt. 1 at Ex. 3). On May 26, 1999, the petitioner's first state habeas petition was denied by the Honorable Thomas W. Steptoe. *Id.*

### D. Petitioner's State Habeas Appeal

On March 8, 2000, the Supreme Court of Appeals of West Virginia refused petitioner's Petition for Appeal on his first state habeas petition.

### E. Petitioner's First Federal Habeas Petition

On May 16, 2000, petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 and an Amended Petition on June 9, 2000. (Dckt 12 at Ex. 1). On September 7, 2001, the Honorable James E. Seibert, United States Magistrate Judge, issued a Report and Recommendation advising that the Respondent's Motion to Dismiss be granted as the petition was not filed within the one-year period of limitations under 28 U.S.C. § 2244(d). *Id.* This recommendation was adopted by the Honorable W. Craig Broadwater, United States District Judge, on September 26, 2001. *Id.* Judge Broadwater granted the Respondent's motion to dismiss and dismissed the petition with prejudice as untimely filed. *Id.*

### F. Petitioner's Second State Habeas Petition

The petitioner filed his second Petition for Writ of Habeas Corpus Ad Subjiciendum with the Circuit Court of Berkeley County on April 5, 2002, alleging sixteen (16) grounds for relief. (Dckt. 1 at Ex. 3). On June 11, 2002, the petitioner's second state habeas petition was denied by the Honorable Christopher C. Wilkes. *Id.*

### G. Petitioner's Third State Habeas Petition

On August 12, 2004, petitioner filed his third Petition for Writ of Habeas Corpus Ad Subjiciendum. (Dckt. 1 at Ex. 3).

### H. *Zain III* Ruling

On June 16, 2006, the West Virginia Supreme Court of Appeals handed down a ruling related to serological evidence presented in past criminal trials. (Dckt. 1). With *In The Matter of: Renewed Investigation of State Police Crime Laboratory, Serology Div.*, 633 S.E.2d 762 (W. Va 2006) (popularly known as *Zain III*), the West Virginia State Supreme Court of Appeals provided a special habeas corpus procedure for State prisoners against who serologists, other than Trooper Fred Zain, had offered evidence against.[1] (Dckt. 13). Specifically, the Court held that "a prisoner against whom a West Virginia State Police Crime Laboratory serologist, other than Fred Zain, offered evidence and who challenges his or her conviction based on the serology evidence is to be granted a full habeas corpus hearing on the issue of the serology evidence." *Renewed Investigation*, 633 S.E.2d at 769.

### I. **Petitioner's Fourth State Habeas Petition**

On or about July 7, 2006, Petitioner filed a Writ of Habeas Corpus to the Berkeley County Circuit Court attempting to utilize the *Zain* III ruling. (Dckt. 1). In this petition, petitioner asserted

---

[1] In 1993, the West Virginia State Supreme Court of Appeals appointed a special judge to investigate allegations that Fred Zain, a serologist in the State Police Crime Lab, had given false testimony in criminal prosecutions. *In the Matter of: Renewed Investigation of State Police Crime Laboratory, Serology Div.*, 633 S.E.2d 762,765 (W. Va 2006). As a result of this investigation, the Court ruled in *Matter of W. Va. State Police Crime Lab* ("*Zain I*"), 438 S.E.2d 501 (1993), that Zain's misconduct was so egregious that it should be considered newly discovered evidence in any criminal prosecution in which Zain offered evidence. *Id*. About one year later, in *Matter of W. Va. State Police Crime Lab* ("*Zain II*"), 445 S.E.2d 165 (1994), the Court found that serology reports prepared by employees of the Serology Division of the West Virginia State Police Crime Laboratory, other than Trooper Fred Zain, were not subject to the invalidation rule prescribed in *Zain I*. *Id.*

4

that the serology work performed during his first trial in 1990 by West Virginia State Serologist, Trooper T.A. Smith, was tainted and thus, under the *Zain III* ruling, petitioner should be granted a full habeas hearing on the issue of the serological evidence. (Dckt. 1 at Ex.3).

On March 19, 2007, the Honorable Gray Silver summarily dismissed the petition without a hearing. *Id.* Judge Silver found that because the record revealed that no serological evidence had been offered or introduced by Trooper Smith or any other employee from the West Virginia State Serology Division during the trial which resulted in the petitioner's actual conviction, the *Zain III* ruling did not apply to the petitioner. *Id.*

### J. Appeals

On June 12, 2007, petitioner filed an appeal to the West Virginia Supreme Court. (Dckt. 1). This appeal of the Circuit Court's ruling was refused by the West Virginia State Supreme Court on February 22, 2008. *Id.* On March 25, 2008, petitioner filed a Writ of Certiorari with the United States Supreme Court, which was denied on June 2, 2008. *Id.* On June 19, 2008, petitioner filed his petition for Writ of Habeas Corpus to the West Virginia Supreme Court for Original Jurisdiction under 14(a) of Appellate Procedure, which was refused by the Court on September 17, 2008. *Id.*

### K. Petitioner's Second Federal Habeas Petition

On October 23, 2008, petitioner filed the present §2254 petition with the United States District Court for the Southern District of West Virginia. (Dckt. 13). The case was transferred to this Court on October 27, 2008. *Id.*

### III. Contentions of the Parties

### A. Petitioner's Second Federal Habeas Petition

In the instant federal habeas petition, the petitioner asserts that the state court erred in

denying him habeas relief based on its finding that no one from the West Virginia State Police Crime Laboratory, Serology Division, testified at the petitioner's trial as to any serological evidence. (Dckt. 1). Petitioner asserts that he should have been awarded a hearing on the issue of serological evidence and appointed counsel under the *Zain III* ruling, which provides a special habeas corpus procedure for West Virginia State Prisoners.

In support of his request, the petitioner attaches a copy of the forensic report of the West Virginia State Police dated September 23, 1988 (*Id.* at Ex. 1), a copy of the *Zain III* ruling from the West Virginia Supreme Court of Appeals (*Id.* at Ex. 2), a copy of Judge Silver's Order of Dismissal (*Id.* at Ex. 3), and a copy of the refusal of appeal from the West Virginia Supreme Court dated February 22, 2008 (*Id*. at Ex. 4).

### B. The Respondent's Answer and Motion to Dismiss

The respondent generally denies that any violation of the petitioner's rights has occurred. In addition, respondent filed a Motion to Dismiss petition on the grounds that the petitioner's petition is successive within the meaning of 28 U.S.C. § 2244(b), and untimely within the meaning of 28 U.S.C. § 2244(d)(1). Additionally, the respondent asserts that federal relief is available only for claims of constitutional dimension. Thus, to the extent that the petitioner's claims allege violations of state law, the respondent argues that those claims are not cognizable on federal habeas review.

### C. The Petitioner's Answer and Objection to Motion to Dismiss

In response to the respondent's answer and motion to dismiss, the petitioner reargues the claims raised in the complaint, additionally adding that the Circuit Court's denial without hearing was a denial of the petitioner's Due Process of Law and Equal Protection under Article III, § 14 of

the West Virginia Constitution and the Fourteenth Amendment of the United States Constitution, respectively. The petitioner asserts the motion to dismiss is not appropriate as the petition is neither successive or untimely. Therefore, the petitioner requests that the respondent's motion to dismiss be denied and that the Court remand the petitioner's case back to the Circuit Court for an evidentiary hearing to determine the truthfulness of the Serology Evidence used against him.

### D. Respondent's Reply

In response to the petitioner's answer, the respondent asserts that the petitioner's denial of due process and equal protection of the law claim is not supported by the record as no serological evidence was presented during the trial that led to his conviction thus the *Zain III* ruling does not apply in his case. In addition, the respondent reargues that as the additional state habeas procedure authorized by *Zain III* is not based upon federal law or federal constitutional requirements, it cannot provide grounds for federal habeas relief under 28 U.S.C. § 2254.

### E. Petitioner's Reply to Respondent's Reply

In response to the respondent's reply, the petitioner asserts, in opposition to respondent's claim that the state habeas procedure authorized by *Zain III* is not based upon federal law or federal constitutional requirements, that the petitioner is "raising a constitutional violation of Due Process of Law and Equal Protection under both the State and Federal Constitution that is recognizable in a Federal habeas corpus" claim. (Dckt. 18).

## IV. Standard of Review

### A. Motion to Dismiss

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community

Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

### B. Motion for Summary Judgment

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth or limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material

facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue at trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita at 587 (citation omitted).

## V.     Analysis

As the petitioner has filed a previous Federal Habeas Corpus petition in May of 2000, which was subsequently denied in September of 2001, the petitioner's present Habeas Corpus petition is a second or successive petition. In order for a petition to be considered successive, the first petition must have been dismissed on the merits. *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000); *Harvey v. Horan*, 278 F.3d 370 (4th Cir. 2002). Despite the fact that the petitioner's first Habeas Corpus petition was dismissed with prejudice as untimely, such a dismissal is akin to a dismissal on the merits. *See Shoup v. Bell & Howell Co.*, 872 F.2d 1178 (4th Cir. 1989) (finding the "plain language of the Rule indicates that the dismissal of plaintiffs' Pennsylvania action on statute of limitations grounds is an adjudication on the merits."). Thus, the present petition can be defined as successive.

When dealing with successive petitions, Title 28 U.S.C. § 2244(b) governs and provides that:

> b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

9

previously unavailable; or
(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Here, the petitioner claims that the *Zain III* ruling provides a special Habeas Corpus procedure that permits a petitioner a new evidentiary hearing on any presented Serological evidence. Moreover, the petitioner asserts that he did not or could not raise this issue in his first §2254 proceeding. Therefore, the petitioner is attempting to present an issue that was not presented in a prior application. Under § 2244(b)(2), a second or successive habeas corpus application that was not presented in a prior application will be dismissed unless it meets one of three exceptions. As the *Zain III* ruling is not a new rule of constitutional law made retroactive by the Supreme Court, §2244(b)(2)(A) will not apply. Further, §2244(b)(2)(B)(i) will not apply as the "factual predicate for the claim [that] could not have been discovered previously through the exercise of due diligence," i.e. that serological evidence was offered against the petitioner at trial, is not supported in the record. As noted by Judge Silver in the state habeas proceeding, no serology evidence was introduced at the trial that led to the petitioner's conviction.

More importantly, however, the additional state habeas procedures prescribed by *Zain III* cannot provide grounds for relief under 28 U.S.C. § 2254, as it is not based upon federal law or federal constitutional requirements.[2] Accordingly, the state habeas procedure created by the West

---

[2]There is no federal constitutional requirement that the States provide any avenue for State post-conviction collateral relief, *e.g., Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987); *Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001) ("Moreover, the Supreme Court has held that states have no constitutional

10

Virginia Supreme Court of Appeals in *Zain III* would not apply to this case.

Furthermore, even if the state habeas procedures provided under *Zain III* did apply to the petitioner's case, the petitioner's claim would still fail because § 2244(b) also provides that before one files a second or successive § 2254 petition, he or she must first obtain authorization from the United States Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). As recently found by the Supreme Court in *Burton v. Stewart*, "the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody, . . . [I]n pertinent part, before filing the application in the district court, a prisoner 'shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" 549 U.S. 147, 152, 127 S. Ct. 793 (2007). Subsection 2244(b)(3) thus creates a "gatekeeping" mechanism in order to better manage second or successive § 2254 claims. *Id*. *See also Felker v. Turpin*, 518 U.S. 651 (1996). As there is nothing in the record to show that the petitioner has obtained authorization from the Fourth Circuit to file a second or successive § 2254 petition, this Court is prohibited from addressing the merits of the petition. *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003)("the district court lacks jurisdiction to consider an application containing abusive or repetitive claims " when petitioner has not obtained pre-filing authorization from Circuit Court of Appeals.)

## VI. Recommendation

For the reasons set forth herein, the undersigned recommends that the respondent's Motion

---

obligation to provide post-conviction remedies."); *Williams v. Missouri*, 640 F.2d 140, 143 (8th Cir. 1981); and any alleged infirmities in State post-conviction proceedings are not cognizable in federal habeas corpus. *E.g.*, *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988); *Wright v. Angelone,* 151 F.3d 151, 159 (4th Cir. 1998); *Greer*, 264 F.3d at 681.

11

to Dismiss (Dckt. 12) be **GRANTED** and the petitioner's § 2254 petition (Dckt. 1) be **DENIED** and **DISMISSED WITH PREJUDICE** from the Court's active docket.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record, via electronic means.

DATED: 1 June 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE