IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRIAN K. MARKLEY,

    Petitioner,

v.                                     Civil Action No. 5:08CV160
                                              (STAMP)
DAVID BALLARD, Warden,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] petitioner, Brian K. Markley, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2254. This matter was referred to United States Magistrate Judge John S. Kaull for a report and recommendation. In response to a show cause order, the respondent filed a motion to dismiss the petition as both successive and untimely. The petitioner then filed an answer and an objection to the respondent's motion to dismiss to which the respondent replied. The petitioner replied to the respondent's reply.

On June 1, 2009, Magistrate Judge Kaull issued a report and recommendation that the respondent's motion to dismiss be granted, and that the petitioner's § 2254 petition be denied and dismissed. Specifically, the magistrate judge found that because this is the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

second time the petitioner has sought federal habeas relief,[2] the petitioner's § 2254 petition should be dismissed as a successive petition. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. Neither party filed objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the petitioner has not filed objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

---

[2]On September 26, 2001, the petitioner's first federal habeas petition was denied as untimely. See Civil Action No. 3:00-cv-57.

III. Discussion

Title 28, United States Code, Section 2244(b) provides that:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

Here, the petitioner has filed a previous § 2254 petition in this Court. Although his first § 2254 petition was dismissed with prejudice as untimely, such a dismissal is akin to a dismissal on the merits, Shoup v. Bell & Howell Co., 872 F.2d 1178 (4th Cir. 1989), and bars a subsequent motion without leave of the United States Court of Appeals for the Fourth Circuit. The petitioner has provided no evidence that he obtained authorization from the Fourth

Circuit to file a successive § 2254 petition. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). Accordingly, pursuant to 28 U.S.C. § 2244, this Court is without authority to hear the above-styled civil action, the petitioner's second federal habeas petition. Thus, the respondent's motion to dismiss is granted, and the petitioner's § 2254 petition is denied and dismissed with prejudice.

## IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the respondent's motion to dismiss is GRANTED, and the petitioner's § 2254 petition is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely file objections to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of

4

this Court.  See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:   July 7, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE